1  Michael J. Malecek (State Bar No. 171034)
   Email address: michael.malecek@kayescholer.com
2  Marisa Armanino Williams (State Bar No. 264907)
   Email address: marisa.armanino@kayescholer.com
3  Robert S. Magee (State Bar No. 271443)
   Email address: robert.magee@kayescholer.com
4  KAYE SCHOLER LLP
   Two Palo Alto Square, Suite 400
5  3000 El Camino Real
   Palo Alto, California  94306
6  Telephone:  (650) 319-4500
   Facsimile:  (650) 319-4700
7
   Terence P. Woodsome (State Bar No. 240908)
8  Email address: twde@cypress.com
   CYPRESS SEMICONDUCTOR CORPORATION
9  198 Champion Court
   San Jose, California 95134
10 Telephone:  (408) 544-1035
   Facsimile:  (408) 456-1821
11
   Attorneys for Plaintiff
12 CYPRESS SEMICONDUCTOR CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>BLACKBERRY LIMITED and BLACKBERRY CORPORATION,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cypress Semiconductor Corporation ("Cypress" or "Plaintiff") alleges:

**PARTIES**

1. Cypress is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 198 Champion Court, San Jose, California. Cypress is a supplier of high-performance, mixed-signal, programmable solutions that provide customers with rapid time-to-market and exceptional system value. Cypress's innovations are used in a wide variety of consumer electronics, such as networking and telecommunication equipment, touchscreen devices, mobile handsets, video and imaging devices, as well as in military communication devices.

2. On information and belief, Defendant BlackBerry Limited (formerly Research In Motion Ltd.) is a corporation organized and existing under the laws of Canada with a principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

3. On information and belief, Defendant BlackBerry Corporation (formerly Research In Motion Corporation) is a wholly owned subsidiary of BlackBerry Limited. BlackBerry Corporation is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 5000 Riverside Drive, Irving, Texas 75039.

4. As further described below, BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry") manufacture and sell mobile phones and other products that infringe multiple Cypress patents.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over BlackBerry and venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b). BlackBerry maintains offices in this District, transacts business involving infringing products within this District, and offers infringing products for sale in this District. On information and belief, BlackBerry derives significant revenue from the sale of infringing products distributed and

used within this District, and/or expects or should reasonably expect its actions to have consequences within this District, and derives substantial revenue from interstate and international commerce.

**INTRADISTRICT ASSIGNMENT**

7. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

**BACKGROUND**

8. For over thirty years, Cypress has been a pioneer and market innovator in semiconductor technology. Cypress products include the PSoC® 1, PSoC® 3, PSoC® 4, and PSoC® 5 programmable system-on-chip families, and Cypress is the world leader in capacitive user interface solutions including CapSense® touch sensing, TrueTouch® touchscreens, and trackpad solutions for notebook PCs and peripherals. Cypress is also the world leader in universal serial bus ("USB") controllers, which enhance connectivity and performance in a wide range of consumer and industrial products. Cypress is also the world leader in static random access memory ("SRAM") and nonvolatile RAM memories.

9. To develop its industry-leading products, Cypress has made extensive and continuous investments in research and development ("R&D"). Cypress's R&D efforts have been essential to its success as a supplier of semiconductor solutions. Cypress's R&D organization works closely with its manufacturing facilities, suppliers and customers to improve semiconductor designs and lower manufacturing costs.

10. To protect these critical R&D efforts, Cypress places a high value on its intellectual property. Cypress has applied for and received over 2000 patents worldwide in a variety of semiconductor-related technologies, and has more than 800 pending U.S. and foreign patent applications. Cypress has over 250 issued U.S. patents and over 200 pending U.S. patent applications directed towards USB and touchscreen technology.

11. To protect the interests of Cypress's customers, who benefit from Cypress's leading-edge technology and rely upon Cypress's proprietary solutions to compete in the marketplace, Cypress cannot allow unauthorized use of its intellectual property.

**CYPRESS PATENTS**

12. On January 4, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,012,103 ("the '103 patent"), entitled "Bus Interface System and Method," to Cypress. Cypress owns the '103 patent by assignment. A true and correct copy of the '103 patent is attached as Exhibit A to this Complaint.

13. On June 19, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,249,825 ("the '825 patent"), entitled "Universal Serial Bus Interface System and Method," to Cypress. Cypress owns the '825 patent by assignment. A true and correct copy of the '825 patent is attached as Exhibit B to this Complaint.

14. On December 10, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,493,770 ("the '770 patent"), entitled "System for Reconfiguring a Peripheral Device by Downloading Information from a Host and Electronically Simulating a Physical Disconnection and Reconnection to Reconfigure the Device," to Cypress. Cypress owns the '770 patent by assignment. A true and correct copy of the '770 patent is attached as Exhibit C to this Complaint.

15. On August 23, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,004,497 ("the '497 patent"), entitled "Two-Pin Buttons," to Cypress. Cypress owns the '497 patent by assignment. A true and correct copy of the '497 patent is attached as Exhibit D to this Complaint.

16. On November 15, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,059,015 ("the '015 patent"), entitled "Capacitance Sensing Matrix for Keyboard Architecture," to Cypress. Cypress owns the '015 patent by assignment. A true and correct copy of the '015 patent is attached as Exhibit E to this Complaint.

17. On August 27, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,519,973 ("the '973 patent"), entitled "Apparatus and Methods for Detecting a Conductive Object at a Location," to Cypress. Cypress owns the '973 patent by assignment. A true and correct copy of the '973 patent is attached as Exhibit F to this Complaint.

18. The '103 patent, '825 patent, and '770 patent will be referred to below as the "Cypress USB Patents." The '497 patent, '015 patent, and '973 patent will be referred to below as the "Cypress Touchscreen Patents" (and together with the USB Patents, the "Asserted Patents").

## INFRINGEMENT BY BLACKBERRY

19. The products manufactured, imported and sold by BlackBerry that infringe one or more claims of the Cypress USB Patents include, but are not limited to, the BlackBerry Torch 9800 mobile phone and associated software, firmware, and peripheral components, as well as other BlackBerry mobile phones, tablets, and products, and associated software, firmware, and peripheral components that incorporate the same or similar USB features, functionality, and/or architecture (collectively, the "BlackBerry Infringing USB Products"). The identification of products and parts in this Complaint is by way of example only, and on information and belief, the exemplary products and parts identified in this Complaint are representative of all BlackBerry products and parts with reasonably similar features, functionality and/or architecture, whether discontinued, current or future.

20. The products manufactured, imported and sold by BlackBerry that infringe one or more claims of the Cypress Touchscreen patents include, but are not limited to, the BlackBerry Torch 9800 mobile phone and associated software, firmware, and peripheral components, as well as other BlackBerry mobile phones, tablets, and products, and associated software, firmware, and peripheral components that incorporate the same or similar touchscreen features, functionality, and/or architecture (collectively, the "BlackBerry Infringing Touchscreen Products"). The identification of products and parts in this Complaint is by way of example only, and on information and belief, the exemplary products and parts identified in this Complaint are representative of all BlackBerry products and parts with reasonably similar features, functionality and/or architecture, whether discontinued, current or future.

21. The BlackBerry Infringing USB Products and BlackBerry Infringing Touchscreen Products (collectively, the "BlackBerry Infringing Products") have no substantial non-infringing use.

22. According to BlackBerry's website and other publicly available documents, and on information and belief, the BlackBerry Infringing Products are sold to distributors and end customers in the United States. These distributors and end customers are supplied with user manuals and other information that instruct downstream users how to operate the BlackBerry Infringing Products, and BlackBerry provides these instructions while knowing since at least 2011 that the BlackBerry Infringing Products infringe multiple Cypress patents, including one or more of the Asserted Patents. Sale or use of the BlackBerry Infringing Products in accordance with BlackBerry's instructions on how to operate these devices constitutes direct infringement of the Asserted Patents.

23. BlackBerry is aware that the BlackBerry Infringing Products infringe the Asserted Patents. In an effort to resolve BlackBerry's infringement without resorting to litigation, Cypress made BlackBerry aware of the Cypress USB Patents in October 2011 and the Cypress Touchscreen Patents in February 2012, and on multiple subsequent occasions. Despite this notice, on information and belief, BlackBerry continued infringing the Asserted Patents.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '103 Patent)**

24. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

25. Cypress has not licensed or otherwise authorized BlackBerry to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '103 patent.

26. BlackBerry has directly infringed and continues to directly infringe the '103 patent by making, using, importing, offering for sale or selling the BlackBerry Infringing USB Products in the United States.

27. BlackBerry has had actual knowledge of the '103 patent since at least October 10, 2011.

28. BlackBerry has indirectly infringed and continues to indirectly infringe the '103 patent by inducing end-users to infringe the '103 patent by using the BlackBerry Infringing USB

Products. BlackBerry intentionally took action that induced end-users to infringe the '103 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one BlackBerry end customer or distributor has directly infringed the '103 patent by acting as instructed by BlackBerry. For example, BlackBerry supplies end customers and distributors of the BlackBerry Infringing USB Products with user manuals and other information that instruct downstream users how to operate the BlackBerry Infringing USB Products, with knowledge that use in accordance with such instructions infringes the '103 patent. As detailed by the user manuals and other information supplied by BlackBerry, the BlackBerry Infringing USB Products infringe multiple Cypress patents. Sale or use of the BlackBerry Infringing USB Products by end customers or distributors in accordance with BlackBerry's instructions constitutes direct infringement of the '103 patent. BlackBerry had awareness of the '103 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end-users.

29. BlackBerry has indirectly infringed and continues to indirectly infringe the '103 patent by contributing to direct infringement by end-users who use the BlackBerry Infringing USB Products. BlackBerry supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and BlackBerry supplied the component with the knowledge of the '103 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

30. BlackBerry's actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

31. Cypress has been damaged and irreparably injured by BlackBerry's infringing activities and will continue to be so damaged and irreparably injured unless BlackBerry's infringing activities are enjoined by this Court.

32. On information and belief, BlackBerry's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '103 patent.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '825 Patent)**

33. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

34. Cypress has not licensed or otherwise authorized BlackBerry to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '825 patent.

35. BlackBerry has directly infringed and continues to directly infringe the '825 patent by making, using, importing, offering for sale or selling the BlackBerry Infringing USB Products in the United States.

36. BlackBerry has had actual knowledge of the '825 patent since at least October 10, 2011.

37. BlackBerry has indirectly infringed and continues to indirectly infringe the '825 patent by inducing end-users to infringe the '825 patent by using the BlackBerry Infringing USB Products. BlackBerry intentionally took action that induced end-users to infringe the '825 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one BlackBerry end customer or distributor has directly infringed the '825 patent by acting as instructed by BlackBerry. For example, BlackBerry supplies end customers and distributors of the BlackBerry Infringing USB Products with user manuals and other information that instruct downstream users how to operate the BlackBerry Infringing USB Products, with knowledge that use in accordance with such instructions infringes the '825 patent. As detailed by the user manuals and other information supplied by BlackBerry, the BlackBerry Infringing USB Products infringe multiple Cypress patents. Sale or use of the BlackBerry Infringing USB Products by end customers or distributors in accordance with BlackBerry's instructions constitutes direct infringement of the '825 patent. BlackBerry had awareness of the '825 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end-users.

38. BlackBerry has indirectly infringed and continues to indirectly infringe the '825 patent by contributing to direct infringement by end-users who use the BlackBerry Infringing

USB Products. BlackBerry supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and BlackBerry supplied the component with the knowledge of the '825 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

39. BlackBerry's actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

40. Cypress has been damaged and irreparably injured by BlackBerry's infringing activities and will continue to be so damaged and irreparably injured unless BlackBerry's infringing activities are enjoined by this Court.

41. On information and belief, BlackBerry's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '825 patent.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '770 Patent)**

42. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

43. Cypress has not licensed or otherwise authorized BlackBerry to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '770 patent.

44. BlackBerry has directly infringed and continues to directly infringe the '770 patent by making, using, importing, offering for sale or selling the BlackBerry Infringing USB Products in the United States.

45. BlackBerry has had actual knowledge of the '770 patent since at least October 10, 2011.

46. BlackBerry has indirectly infringed and continues to indirectly infringe the '770 patent by inducing end-users to infringe the '770 patent by using the BlackBerry Infringing USB Products. BlackBerry intentionally took action that induced end-users to infringe the '770 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one BlackBerry end customer or distributor has directly infringed the '770 patent by acting as

instructed by BlackBerry. For example, BlackBerry supplies end customers and distributors of the BlackBerry Infringing USB Products with user manuals and other information that instruct downstream users how to operate the BlackBerry Infringing USB Products, with knowledge that use in accordance with such instructions infringes the '770 patent. As detailed by the user manuals and other information supplied by BlackBerry, the BlackBerry Infringing USB Products infringe multiple Cypress patents. Sale or use of the BlackBerry Infringing USB Products by end customers or distributors in accordance with BlackBerry's instructions constitutes direct infringement of the '770 patent. BlackBerry had awareness of the '770 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end-users.

47. BlackBerry has indirectly infringed and continues to indirectly infringe the '770 patent by contributing to direct infringement by end-users who use the BlackBerry Infringing USB Products. BlackBerry supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and BlackBerry supplied the component with the knowledge of the '770 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

48. BlackBerry's actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

49. Cypress has been damaged and irreparably injured by BlackBerry's infringing activities and will continue to be so damaged and irreparably injured unless BlackBerry's infringing activities are enjoined by this Court.

50. On information and belief, BlackBerry's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '770 patent.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '497 Patent)**

51. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

52. Cypress has not licensed or otherwise authorized BlackBerry to make, use, offer

for sale, sell, or import into the United States any products that embody the inventions of the '497 patent.

53. BlackBerry has directly infringed and continues to directly infringe the '497 patent by making, using, importing, offering for sale or selling the BlackBerry Infringing Touchscreen Products in the United States.

54. BlackBerry has had actual knowledge of the '497 patent since at least February 6, 2012.

55. BlackBerry has indirectly infringed and continues to indirectly infringe the '497 patent by inducing end-users to infringe the '497 patent by using the BlackBerry Infringing Touchscreen Products. BlackBerry intentionally took action that induced end-users to infringe the '497 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one BlackBerry end customer or distributor has directly infringed the '497 patent by acting as instructed by BlackBerry. For example, BlackBerry supplies end customers and distributors of the BlackBerry Infringing Touchscreen Products with user manuals and other information that instruct downstream users how to operate the BlackBerry Infringing Touchscreen Products, with knowledge that use in accordance with such instructions infringes the '497 patent. As detailed by the user manuals and other information supplied by BlackBerry, the BlackBerry Infringing Touchscreen Products infringe multiple Cypress patents. Sale or use of the BlackBerry Infringing Touchscreen Products by end customers or distributors in accordance with BlackBerry's instructions constitutes direct infringement of the '497 patent. BlackBerry had awareness of the '497 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end-users.

56. BlackBerry has indirectly infringed and continues to indirectly infringe the '497 patent by contributing to direct infringement by end-users who use the BlackBerry Infringing Touchscreen Products. BlackBerry supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and BlackBerry supplied the component with the knowledge of the '497 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

57. BlackBerry's actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

58. Cypress has been damaged and irreparably injured by BlackBerry's infringing activities and will continue to be so damaged and irreparably injured unless BlackBerry's infringing activities are enjoined by this Court.

59. On information and belief, BlackBerry's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '497 patent.

**FIFTH CLAIM FOR RELIEF**
**(Infringement of the '015 Patent)**

60. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

61. Cypress has not licensed or otherwise authorized BlackBerry to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '015 patent.

62. BlackBerry has directly infringed and continues to directly infringe the '015 patent by making, using, importing, offering for sale or selling the BlackBerry Infringing Touchscreen Products in the United States.

63. BlackBerry has had actual knowledge of the '015 patent since at least February 6, 2012.

64. BlackBerry has indirectly infringed and continues to indirectly infringe the '015 patent by inducing end-users to infringe the '015 patent by using the BlackBerry Infringing Touchscreen Products. BlackBerry intentionally took action that induced end-users to infringe the '015 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one BlackBerry end customer or distributor has directly infringed the '015 patent by acting as instructed by BlackBerry. For example, BlackBerry supplies end customers and distributors of the BlackBerry Infringing Touchscreen Products with user manuals and other information that instruct downstream users how to operate the BlackBerry Infringing Touchscreen Products, with knowledge that use in accordance with such instructions infringes the

'015 patent. As detailed by the user manuals and other information supplied by BlackBerry, the BlackBerry Infringing Touchscreen Products infringe multiple Cypress patents. Sale or use of the BlackBerry Infringing Touchscreen Products by end customers or distributors in accordance with BlackBerry's instructions constitutes direct infringement of the '015 patent. BlackBerry had awareness of the '015 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end-users.

65. BlackBerry has indirectly infringed and continues to indirectly infringe the '015 patent by contributing to direct infringement by end-users who use the BlackBerry Infringing Touchscreen Products. BlackBerry supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and BlackBerry supplied the component with the knowledge of the '015 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

66. BlackBerry's actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

67. Cypress has been damaged and irreparably injured by BlackBerry's infringing activities and will continue to be so damaged and irreparably injured unless BlackBerry's infringing activities are enjoined by this Court.

68. On information and belief, BlackBerry's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '015 patent.

**SIXTH CLAIM FOR RELIEF**
**(Infringement of the '973 Patent)**

69. Cypress incorporates and realleges the allegations of the preceding paragraphs as though set forth in full herein.

70. Cypress has not licensed or otherwise authorized BlackBerry to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '973 patent.

71. BlackBerry has directly infringed and continues to directly infringe the '973 patent by making, using, importing, offering for sale or selling the BlackBerry Infringing Touchscreen

Products in the United States.

72. BlackBerry has had actual knowledge of the '973 patent since at least September 10, 2013.

73. BlackBerry has indirectly infringed and continues to indirectly infringe the '973 patent by inducing end-users to infringe the '973 patent by using the BlackBerry Infringing Touchscreen Products. BlackBerry intentionally took action that induced end-users to infringe the '973 patent by marketing, selling, and supporting the infringing devices. On information and belief, at least one BlackBerry end customer or distributor has directly infringed the '973 patent by acting as instructed by BlackBerry. For example, BlackBerry supplies end customers and distributors of the BlackBerry Infringing Touchscreen Products with user manuals and other information that instruct downstream users how to operate the BlackBerry Infringing Touchscreen Products, with knowledge that use in accordance with such instructions infringes the '973 patent. As detailed by the user manuals and other information supplied by BlackBerry, the BlackBerry Infringing Touchscreen Products infringe multiple Cypress patents. Sale or use of the BlackBerry Infringing Touchscreen Products by end customers or distributors in accordance with BlackBerry's instructions constitutes direct infringement of the '973 patent. BlackBerry had awareness of the '973 patent and knew, or was willfully blind to the fact, that its actions would cause direct infringement by end-users.

74. BlackBerry has indirectly infringed and continues to indirectly infringe the '973 patent by contributing to direct infringement by end-users who use the BlackBerry Infringing Touchscreen Products. BlackBerry supplied a component whose use by downstream users is infringing; the component is not a common component suitable for non-infringing use; and BlackBerry supplied the component with the knowledge of the '973 patent and knowledge that the component was especially made or adapted for use in an infringing manner.

75. BlackBerry's actions are in violation of one or more of the provisions of 35 U.S.C. § 271.

76. Cypress has been damaged and irreparably injured by BlackBerry's infringing activities and will continue to be so damaged and irreparably injured unless BlackBerry's

13
COMPLAINT FOR PATENT INFRINGEMENT

1 infringing activities are enjoined by this Court.

2     77. On information and belief, BlackBerry's infringement has been, and continues to be, willful, wanton, and deliberate, without license or excuse and with full knowledge of the '973 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Cypress requests that this Court grant the following relief:

a. Enter judgment that the BlackBerry Infringing USB Products infringe the '103, '825, and '770 patents and the BlackBerry Infringing Touchscreen Products infringe the '497, '015, and '973 patents;

b. Enter an order permanently enjoining BlackBerry and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, offering to sell, or selling in the United States or importing into the United States any devices that infringe any claim of the Asserted Patents;

c. Award Cypress its damages, including lost profits, resulting from BlackBerry's infringement in an amount to be determined at trial, pursuant to 35 U.S.C. § 284;

d. Find this to be an exceptional case pursuant to 35 U.S.C. § 285;

e. Award Cypress prejudgment interest and post-judgment interest on its damages and award Cypress its costs;

f. Perform an accounting of BlackBerry's infringing sales not presented at trial and award Cypress additional damages from any such infringing sales; and

g. Award Cypress its costs and attorneys' fees and such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cypress hereby demands trial by jury on all issues raised by the Complaint.


Dated:  September 10, 2013                     Respectfully submitted,

                                                  KAYE SCHOLER LLP


                                                  By   */s/ Michael J. Malecek*
                                                       Michael J. Malecek
                                                       Attorneys for Plaintiff
                                                       CYPRESS SEMICONDUCTOR CORPORATION