1  BINGHAM McCUTCHEN LLP
   Geoff M. Howard (SBN 157468)
2  geoff.howard@bingham.com
   Richard de Bodo (SBN 128199)
3  rich.debodo@bingham.com
   Susan Baker Manning (SBN 197350)
4  susan.manning@bingham.com
   Robert C. Bertin (*pro hac vice*)
5  r.bertin@bingham.com
   Three Embarcadero Center
6  San Francisco, California 94111-4067
   Telephone:    415.393.2000
7  Facsimile:    415.393.2286

8  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS & LINCENBERG, P.C.
9  Gary Lincenberg (SBN 123058)
   gsl@birdmarella.com
10 Thomas V. Reichert (SBN 171299)
   tvr@birdmarella.com
11 1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
12 Telephone:    310.201.2100
   Facsimile:    310.201.2110

13

   *Attorneys for Defendants and Counterclaimants*
14 BLACKBERRY LIMITED and
   BLACKBERRY CORPORATION

15

16                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA
17
                           SAN JOSE DIVISION

18

19  CYPRESS SEMICONDUCTOR             No. 5:13-cv-04183-LHK
    CORPORATION,
20                                    **BLACKBERRY LIMITED AND**
              Plaintiff and Counterdefendant,   **BLACKBERRY CORPORATION'S**
21                                    **COUNTERCLAIMS, ANSWER AND**
         v.                           **AFFIRMATIVE DEFENSES TO**
22                                    **PLAINTIFF'S COMPLAINT FOR**
    BLACKBERRY LIMITED and            **PATENT INFRINGEMENT**
23  BLACKBERRY CORPORATION,

24            Defendants and          **JURY TRIAL DEMANDED**
              Counterclaimants.
25

26                          <u>**COUNTERCLAIMS**</u>

27     Defendants and Counterclaimants BlackBerry Limited and BlackBerry Corporation

28

(collectively, "BlackBerry") assert the following counterclaims against Plaintiff and Counterdefendant Cypress Semiconductor Corporation ("Cypress"):

**INTRODUCTION**

1. BlackBerry revolutionized the mobile communications industry. Its innovative products changed the way millions of people around the world connect, converse, and share information.

2. BlackBerry was founded in 1984 in Waterloo, Ontario by two engineering students, Mike Lazaridis and Douglas Fregin. Within just a few years, the company—then named Research In Motion—focused its energies on wireless data transmission. In the early 1990s, BlackBerry's research and development team made the transformative leap forward from one-way paging technology to concentrate on two-way wireless communication. In 1998, the company released its first BlackBerry® device, a pioneering mobile product that allowed users to send and receive email on-the-go, as well as giving them untethered access to news, weather, stock-market data and other real-time information. From its modest beginnings, BlackBerry has gone on to offer a portfolio of award-winning products, services, and embedded technologies to tens of millions of individual consumers and organizations around the world, including governments, educational institutions, and over 90% of Fortune 500 companies. By transforming the way people communicate, BlackBerry laid a foundation for today's multi-billion-dollar modern smartphone industry.

3. In the course of developing its ground-breaking mobile communications devices, BlackBerry invented a broad array of new technologies that cover everything from radio frequency communication techniques, to processors, to power management, and many other areas. To take just one example, power management posed a critical challenge for BlackBerry to overcome when bringing its mobile devices to market. Success required delivering a small, attractive device that could charge quickly, and then efficiently manage power consumption to provide lengthy battery life. These and other BlackBerry inventions altered the history of mobile communications. This is one of the great stories of the technology revolution.

4.     Cypress has focused more on meritless litigation.  After losing a patent trial in the International Trade Commission, Cypress stated in a June 2013 press release that even an adverse judgment on the merits would not deter it from "aggressively" pursuing the same claims in federal court, where it could hope for damages.  Indeed, in just a five-month span this year, Cypress filed five different patent infringement lawsuits.  These types of claims threaten to slow the development of new products and technologies, harming the industry and technology consumers.

5.     Throughout its history BlackBerry has protected the technology developed by its engineering teams, including through seeking patent protection.  As detailed below, BlackBerry owns rights to an array of patented and patent pending technologies in the United States, Canada, Europe and other jurisdictions that Cypress infringes.  Cypress infringes multiple BlackBerry patents by using BlackBerry's proprietary technology in several of its USB controllers with port-charging capabilities.  For example, Cypress's USB controllers with port-charging capabilities contain charger-detection technology developed by BlackBerry for its mobile devices.  While BlackBerry turns to the courts only reluctantly, it must protect its substantial efforts and investment in bringing its revolutionary mobile devices to market, and put a stop to Cypress's unauthorized use of BlackBerry's patented technologies.

## NATURE OF THE ACTION

6.     BlackBerry brings a counterclaim action for patent infringement against Cypress, and seeks a judgment that Cypress has infringed BlackBerry's United States Patent No. 7,834,586 ("the '586 Patent"), United States Patent No. 7,986,127 ("the '127 Patent") and United States Patent No. 8,169,187 ("the '187 Patent").

7.     BlackBerry also seeks through this action a judgment declaring that United States Patent No. 6,012,103 ("the '103 Patent"), United States Patent No. 6,249,825 ("the '825 Patent"), United States Patent No. 6,493,770 ("the '770 Patent"), United States Patent No. 8,004,497 ("the '497 Patent"), United States Patent No. 8,059,015 ("the '015 Patent") or United

States Patent No. 8,519,973 ("the '973 Patent") are invalid and not infringed by BlackBerry.

### THE PARTIES

8.      BlackBerry Limited is a Canadian company with its principal place of business at 2200 University Avenue East, Waterloo, Ontario, Canada N2K 0A7.

9.      BlackBerry Corporation is a Delaware corporation with its principal place of business at 5000 Riverside Drive, Irving, TX 75039.

10.      According to its Complaint, Cypress is a Delaware corporation with its principal place of business at 198 Champion Court, San Jose, California.

### JURISDICTION AND VENUE

11.      BlackBerry's counterclaims for patent infringement arise under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*  This Court has subject matter jurisdiction over BlackBerry's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

12.      BlackBerry's counterclaims for a declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

13.      An actual justiciable controversy exists under the Declaratory Judgment Act with respect to BlackBerry's alleged infringement of and the validity of the '103, '825, '770, '497, '015, and '973 Patents.

14.      The Court has personal jurisdiction over Cypress by virtue of its filing of this action.

15.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), because Cypress is headquartered in this District, conducts business in this District, and has availed itself of this Court's jurisdiction by filing its Complaint against BlackBerry in this Court.

### THE BLACKBERRY PATENTS

16.      On November 16, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,834,586 ("the '586 Patent"), entitled "Multifunctional Charger System and Method," to Research In Motion Limited (now known as BlackBerry

Limited).  BlackBerry Limited owns the '586 Patent by assignment.  A true and correct copy of the '586 Patent is attached as Exhibit A to these Counterclaims.

17.     On July 26, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,986,127 ("the '127 Patent"), entitled "Communication Device with a USB Port for Charging," to Research In Motion Limited (now known as BlackBerry Limited).  BlackBerry Limited owns the '127 Patent by assignment.  A true and correct copy of the '127 Patent is attached as Exhibit B to these Counterclaims.

18.     On May 1, 2012, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,169,187 ("the '187 Patent"), entitled "Multifunctional Charger System and Method," to Research In Motion Limited (now known as BlackBerry Limited).  BlackBerry Limited owns the '187 Patent by assignment.  A true and correct copy of the '187 Patent is attached as Exhibit C to these Counterclaims.

19.     The '586 Patent, the '127 Patent and the '187 Patent will be referred to below as the "BlackBerry Patents."

## INFRINGEMENT BY CYPRESS

20.     The products manufactured, imported, offered for sale, and/or sold in the United States by Cypress that infringe one or more claims of the '586 Patent, the '127 Patent and the '187 Patent include, but are not limited to, Cypress's EZ-USB® FX3 SuperSpeed USB Controller (the "EX-USB FX3"), also known as Cypress part number CYUSB301X, as well as other Cypress USB controllers that incorporate the same or similar USB port-charging features, functionality, and/or architecture (collectively, the "Cypress Infringing Products").  The identification of products and parts in these Counterclaims is by way of example only, and on information and belief, the exemplary products and parts identified in these Counterclaims are representative of all Cypress products and parts with reasonably similar features, functionality and/or architecture, whether discontinued, current or future.

21.     The Cypress Infringing Products have no substantial non-infringing use.

22.     According to Cypress's website and other publicly available documents, and on

information and belief, the Cypress Infringing Products are sold to distributors and end customers in the United States. These distributors and end customers are supplied with user manuals and other information that instructs users how to operate the Cypress Infringing Products, and Cypress provides these instructions while knowing since at least November 4, 2013 that the Cypress Infringing Products infringe multiple BlackBerry patents, including one or more of the BlackBerry Patents. Sale or use of the Cypress Infringing Products in accordance with Cypress's instructions on how to operate these devices constitutes direct infringement of the BlackBerry Patents.

## FIRST COUNTERCLAIM
## INFRINGEMENT OF THE '586 PATENT

23.     BlackBerry re-alleges and incorporates by reference the allegations of paragraphs 1 through 22 as if fully set forth here.

24.     The '586 Patent is valid and enforceable.

25.     BlackBerry has not licensed or otherwise authorized Cypress to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '586 Patent.

26.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, BlackBerry has complied with the requirements of that statute by providing actual or constructive notice to Cypress of its alleged infringement.

27.     Cypress has been and is directly infringing the '586 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. It has infringed by making, using, importing, offering to sell, and/or selling to third-party manufacturers, distributors, and/or customers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products including but not limited to the EX-USB FX3 and other USB controllers with port-charging capabilities. These products made, used, sold, offered for sale, or imported by Cypress include all of the limitations of one or more claims of the '586 Patent.

28.     Upon information and belief, Cypress has been and is indirectly infringing the '586 Patent by way of inducement under 35 U.S.C. § 271(b).  Cypress actively induces third-party manufacturers, distributors, importers, and consumers to directly infringe one or more claims of the '586 Patent.  Cypress actively induces the manufacture, distribution, importation, sale, offer to sell, and/or use of products—including but not limited to the EX-USB FX3, other USB controllers with port-charging capabilities, and goods incorporating these products—that include all limitations of the '586 Patent, either literally or under the doctrine of equivalents, both in this District and elsewhere in the United States.

29.     Cypress has had actual knowledge of the '586 Patent and its infringing conduct since at least November 4, 2013.

30.     Upon information and belief, since at least the time when Cypress was on notice of BlackBerry's patent rights, Cypress has actively induced infringement of one or more claims of the '586 Patent with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '586 Patent.  Upon information and belief, Cypress intends to cause infringement by these third-party manufacturers, distributors, importers and/or consumers.

31.     Upon information and belief, Cypress has taken affirmative steps to induce infringement of the '586 Patent by, among other things, creating advertisements and application notes that promote the infringing use of USB controllers with port-charging capabilities, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

32.     The USB controllers with port-charging capabilities are especially made or especially adapted for use in an infringement of the '586 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

33.     On information and belief, Cypress has been and is contributorily infringing under

35 U.S.C. § 271(c), with respect to sales and offers to sell in the United States and importation into the United States of USB controllers with port-charging capabilities, knowing that these USB controllers are components of or are for use in practicing a material part of one or more inventions of the '586 Patent.

34.     On information and belief, Cypress has been and is an infringer under 35 U.S.C. § 271(f)(2) because it has, without authority, supplied or has caused to be supplied in or from the United States USB controllers with port-charging capabilities, an uncombined component of one or more inventions of the '586 Patent, intending that the USB controllers be combined outside of the United States in a manner that would infringe the '586 Patent if such combination occurred within the United States; and, under 35 U.S.C. § 271(f)(1), because the uncombined USB controllers supplied or caused to be supplied are a substantial portion of the components of one or more inventions of the '586 Patent.

35.     BlackBerry has been damaged and irreparably injured by Cypress's infringing activities and will continue to be so damaged and irreparably injured unless Cypress's infringing activities are enjoined by this Court.

36.     On information and belief, Cypress's infringement is willful, wanton, and deliberate, without license or excuse and with full knowledge of the '586 Patent.

## SECOND COUNTERCLAIM
## INFRINGEMENT OF THE '127 PATENT

37.     BlackBerry re-alleges and incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth here.

38.     The '127 Patent is valid and enforceable.

39.     BlackBerry has not licensed or otherwise authorized Cypress to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '127 Patent.

40.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, BlackBerry has complied with the requirements of that statute by providing actual or constructive notice to Cypress of its alleged infringement.

41.     Cypress has been and is directly infringing the '127 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.  It has infringed by making, using, importing, offering to sell, and/or selling to third-party manufacturers, distributors, and/or customers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products including but not limited to the EX-USB FX3 and other USB controllers with port-charging capabilities.  These products made, used, sold, offered for sale, or imported by Cypress include all of the limitations of one or more claims of the '127 Patent.

42.     Upon information and belief, Cypress has been and is indirectly infringing the '127 Patent by way of inducement under 35 U.S.C. § 271(b).  Cypress actively induces third-party manufacturers, distributors, importers, and consumers to directly infringe one or more claims of the '127 Patent.  Cypress actively induces the manufacture, distribution, importation, sale, offer to sell, and/or use of products—including but not limited to the EX-USB FX3, other USB controllers with port-charging capabilities, and goods incorporating these products—that include all limitations of the '127 Patent, either literally or under the doctrine of equivalents, both in this District and elsewhere in the United States.

43.     Cypress has had actual knowledge of the '127 Patent and its infringing conduct since at least November 4, 2013.

44.     Upon information and belief, since at least the time when Cypress was on notice of BlackBerry's patent rights, Cypress has actively induced infringement of one or more claims of the '127 Patent with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '127 Patent.  Upon information and belief, Cypress intends to cause infringement by these third-party manufacturers, distributors, importers and/or consumers

45.     Upon information and belief, Cypress has taken affirmative steps to induce infringement of the '127 Patent by, among other things, creating advertisements and application notes that promote the infringing use of USB controllers with port-charging capabilities, creating established distribution channels for these products into and within the United States, purchasing

these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

46.    The USB controllers with port-charging capabilities are especially made or especially adapted for use in an infringement of the '127 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

47.    On information and belief, Cypress has been and is contributorily infringing under 35 U.S.C. § 271(c), with respect to sales and offers to sell in the United States and importation into the United States of USB controllers with port-charging capabilities, knowing that these USB controllers are components of or are for use in practicing a material part of one or more inventions of the '127 Patent.

48.    On information and belief, Cypress has been and is an infringer under 35 U.S.C. § 271(f)(2) because it has, without authority, supplied or has caused to be supplied in or from the United States USB controllers with port-charging capabilities, an uncombined component of one or more inventions of the '127 Patent, intending that the USB controllers be combined outside of the United States in a manner that would infringe the '127 Patent if such combination occurred within the United States; and, under 35 U.S.C. § 271(f)(1), because the uncombined USB controllers supplied or caused to be supplied are a substantial portion of the components of one or more inventions of the '127 Patent.

49.    BlackBerry has been damaged and irreparably injured by Cypress's infringing activities and will continue to be so damaged and irreparably injured unless Cypress's infringing activities are enjoined by this Court.

50.    On information and belief, Cypress's infringement is willful, wanton, and deliberate, without license or excuse and with full knowledge of the '127 Patent.

**THIRD COUNTERCLAIM**
**INFRINGEMENT OF THE '187 PATENT**

51.    BlackBerry re-alleges and incorporates by reference the allegations of paragraphs

1 through 50 as if fully set forth here.

52.     The '187 Patent is valid and enforceable.

53.     BlackBerry has not licensed or otherwise authorized Cypress to make, use, offer for sale, sell, or import into the United States any products that embody the inventions of the '187 Patent.

54.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, BlackBerry has complied with the requirements of that statute by providing actual or constructive notice to Cypress of its alleged infringement.

55.     Cypress has been and is directly infringing the '187 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.  It has infringed by making, using, importing, offering to sell, and/or selling to third-party manufacturers, distributors, and/or customers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products including but not limited to the EX-USB FX3 and other USB controllers with port-charging capabilities.  These products made, used, sold, offered for sale, or imported by Cypress include all of the limitations of one or more claims of the '187 Patent.

56.     Upon information and belief, Cypress has been and is indirectly infringing the '187 Patent by way of inducement under 35 U.S.C. § 271(b).  Cypress actively induces third-party manufacturers, distributors, importers, and consumers to directly infringe one or more claims of the '187 Patent.  Cypress actively induces the manufacture, distribution, importation, sale, offer to sell, and/or use of products—including but not limited to the EX-USB FX3, other USB controllers with port-charging capabilities, and goods incorporating these products—that include all limitations of the '187 Patent, either literally or under the doctrine of equivalents, both in this District and elsewhere in the United States.

57.     Cypress has had actual knowledge of the '187 Patent and its infringing conduct since at least November 4, 2013.

58.     Upon information and belief, since at least the time when Cypress was on notice

of BlackBerry's patent rights, Cypress has actively induced infringement of one or more claims of the '187 Patent with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '187 Patent. Upon information and belief, Cypress intends to cause infringement by these third-party manufacturers, distributors, importers and/or consumers

59.     Upon information and belief, Cypress has taken affirmative steps to induce infringement of the '187 Patent by, among other things, creating advertisements and application notes that promote the infringing use of USB controllers with port-charging capabilities, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

60.     The USB controllers with port-charging capabilities are especially made or especially adapted for use in an infringement of the '187 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

61.     On information and belief, Cypress has been and is contributorily infringing under 35 U.S.C. § 271(c), with respect to sales and offers to sell in the United States and importation into the United States of USB controllers with port-charging capabilities, knowing that these USB controllers are components of or are for use in practicing a material part of one or more inventions of the '187 Patent.

62.     On information and belief, Cypress has been and is an infringer under 35 U.S.C. § 271(f)(2) because it has, without authority, supplied or has caused to be supplied in or from the United States USB controllers with port-charging capabilities, an uncombined component of one or more inventions of the '187 Patent, intending that the USB controllers be combined outside of the United States in a manner that would infringe the '187 Patent if such combination occurred within the United States; and, under 35 U.S.C. § 271(f)(1), because the uncombined USB controllers supplied or caused to be supplied are a substantial portion of the components of one

or more inventions of the '187 Patent.

63.     BlackBerry has been damaged and irreparably injured by Cypress's infringing activities and will continue to be so damaged and irreparably injured unless Cypress's infringing activities are enjoined by this Court.

64.     On information and belief, Cypress's infringement is willful, wanton, and deliberate, without license or excuse and with full knowledge of the '187 Patent.

**FOURTH COUNTERCLAIM**
**DECLARATION OF NON-INFRINGEMENT**

65.     BlackBerry re-alleges and incorporates by reference the allegations of paragraphs 1 through 64 as if fully set forth here.

66.     An actual and justiciable controversy exists between BlackBerry and Cypress with respect to the '103, '825, '770, '497, '015, and '973 Patents.  Absent a declaration of non-infringement, Cypress will continue to wrongfully assert the '103, '825, '770, '497, '015, and '973 Patents against BlackBerry, and thereby cause BlackBerry injury and damage.

67.     BlackBerry does not infringe any valid and enforceable claim of the '103, '825, '770, '497, '015, and '973 Patents, either literally or under the doctrine of equivalents; and BlackBerry has not actively induced or contributed to the infringement of the '103, '825, '770, '497, '015, and '973 Patents; and, BlackBerry is entitled to a declaration to that effect.

**FIFTH COUNTERCLAIM**
**DECLARATION OF INVALIDITY**

68.     BlackBerry re-alleges and incorporates by reference the allegations of paragraphs 1 through 67 as if fully set forth here.

69.     An actual and justiciable controversy exists between BlackBerry and Cypress with respect to the validity of the '103, '825, '770, '497, '015, and '973 Patents.  Absent a declaration of invalidity, Cypress will continue to wrongfully assert the '103, '825, '770, '497, '015, and '973 Patents against BlackBerry, and thereby cause BlackBerry injury and damage.

70.     The '103, '825, '770, '497, '015, and '973 Patents are invalid under the provisions of Title 35, United States Code, including, but not limited to, one or more of Sections

101, 102, 103, and/or 112; and, BlackBerry is entitled to a declaration to that effect.

## SIXTH COUNTERCLAIM
## DECLARATION OF NON-WILLFULNESS

71.     BlackBerry re-alleges and incorporates by reference the allegations of paragraphs 1 through 70 as if fully set forth here.

72.     An actual and justiciable controversy exists between BlackBerry and Cypress with respect to the '103, '825, '770, '497, '015, and '973 Patents.  Absent a declaration of non-willful infringement, Cypress will continue to wrongfully assert that BlackBerry willfully infringed the '103, '825, '770, '497, '015, and '973 Patents and thereby cause BlackBerry injury and damage.

73.     BlackBerry has not and does not willfully infringe any valid and enforceable claim of the '103, '825, '770, '497, '015, and '973 Patents, either literally or under the doctrine of equivalents; and BlackBerry has not actively induced or contributed to the willful infringement of the '103, '825, '770, '497, '015, and '973 Patents; and, BlackBerry is entitled to a declaration to that effect.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully counterclaimed, BlackBerry respectfully prays that the Court:

A.     Dismiss the Complaint with prejudice;

B.     Enter judgment in BlackBerry's favor on all claims and counterclaims;

C.     Enter judgment that the Cypress Infringing Products infringe the 586, '127, and '187 Patents.

D.     Enter an order permanently enjoining Cypress and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, offering to sell, or selling in the United States or importing into the United States any devices that infringe any claim of the BlackBerry Patents;

E.     Award BlackBerry its damages adequate to compensate it for Cypress's infringement in an amount to be determined at trial, pursuant to 35 U.S.C. § 284;

F.     Award BlackBerry prejudgment interest and post-judgment interest on its damages;

G.     Perform an accounting of Cypress's infringing sales not presented at trial and award BlackBerry additional damages from any such infringing sales;

H.     Award BlackBerry its attorneys' fees and costs of litigating this action;

I.     Find this case to be exceptional and award BlackBerry its reasonable attorneys' fees, costs, expenses, and prejudgment interest under 35 U.S.C. § 285 or otherwise;

J.     Declare that BlackBerry does not infringe or contribute to or induce infringement of the claims of the '103, '825, '770, '497, '015, or '973 Patents, either literally or under the doctrine of equivalents;

K.     Declare that the claims of the '103, '825, '770, '497, '015, and '973 Patents are invalid;

L.     Declare that BlackBerry does not willfully infringe or contribute to or induce willful infringement of the claims of the '103, '825, '770, '497, '015, or '973 Patents, either literally or under the doctrine of equivalents;

M.     Permanently enjoin Cypress, its parents, affiliates, subsidiaries, successors, and assigns, and anyone acting in concert with Cypress or on its behalf, from litigating any action in any other court against BlackBerry or any parent, affiliate, or subsidiary of BlackBerry, or its respective officers, directors, agents, employees, licensees, successors, assigns, and customers for infringement of the '103, '825, '770, '497, '015, and '973 Patents on the same factual bases;

N.     Award BlackBerry any further general or special relief to which BlackBerry is entitled; and

O.     Provide such other and further general or special relief to BlackBerry that this

Court deems just and proper.

BlackBerry reserves the right to amend its Answer and Counterclaims to raise additional counterclaims as warranted by subsequent investigation and/or analysis.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BlackBerry hereby demands trial by jury on all issues presented in this action.

# ANSWER

Defendants and Counterclaimants BlackBerry Limited and BlackBerry Corporation (collectively, "BlackBerry") answer the Complaint of Plaintiff and Counterdefendant Cypress Semiconductor Corporation ("Cypress") as follows:

## THE PARTIES

74.    BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

75.    BlackBerry admits that BlackBerry Limited is a corporation organized and existing under the laws of Canada.  BlackBerry denies the remaining allegations in paragraph 2 the Complaint.

76.    BlackBerry admits the allegations in paragraph 3 of the Complaint.

77.    BlackBerry denies the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

78.    BlackBerry admits that the Complaint purports to state an action under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq*.  BlackBerry admits this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

79.    BlackBerry admits that this Court has personal jurisdiction over BlackBerry. BlackBerry admits that venue is permissible in this Court, but denies that there is no clearly more convenient venue.  BlackBerry admits that it maintains offices and does business in this District. BlackBerry denies that it has committed any acts of infringement within this District or otherwise.  BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and, therefore, denies the same.

## INTRADISTRICT ASSIGNMENT

80.    BlackBerry admits the allegation in paragraph 7 of the Complaint.

## BACKGROUND

81.    BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies the same.

82.     BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies the same.

83.     BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies the same.

84.     BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies the same.

## CYPRESS PATENTS

85.     BlackBerry admits that United States Patent No. 6,012,103 ("the '103 Patent") lists January 4, 2000 as the issue date, and identifies Cypress as the assignee.  BlackBerry admits that Exhibit A to the Complaint appears to be a copy of the '103 Patent.  BlackBerry denies that the '103 Patent is entitled "Bus Interface System and Method."  BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and, therefore, denies the same.

86.     BlackBerry admits that United States Patent No. 6,249,825 ("the '825 Patent") is entitled "Universal Serial Bus Interface System and Method," lists June 19, 2001 as the issue date, and identifies Cypress as the assignee.  BlackBerry admits that Exhibit B to the Complaint appears to be a copy of the '825 Patent.  BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and, therefore, denies the same.

87.     BlackBerry admits that United States Patent No. 6,493,770 ("the '770 Patent") is entitled "System for Reconfiguring a Peripheral Device by Downloading Information from a Host and Electronically Simulating a Physical Disconnection and Reconnection to Reconfigure the Device," lists December 10, 2002 as the issue date, and identifies Cypress as the assignee.  BlackBerry admits that Exhibit C to the Complaint appears to be a copy of the '770 Patent.  BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and, therefore, denies the same.

88.     BlackBerry admits that United States Patent No. 8,004,497 ("the '497 Patent") is

entitled "Two-Pin Buttons," lists August 23, 2011 as the issue date, and identifies Cypress as the assignee. BlackBerry admits that Exhibit D to the Complaint appears to be a copy of the '497 Patent. BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and, therefore, denies the same.

89.     BlackBerry admits that United States Patent No. 8,059,015 ("the '015 Patent") is entitled "Capacitance Sensing Matrix for Keyboard Architecture," lists November 15, 2011 as the issue date, and identifies Cypress as the assignee. BlackBerry admits that Exhibit E to the Complaint appears to be a copy of the '015 Patent. BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and, therefore, denies the same.

90.     BlackBerry admits that United States Patent No. 8,519,973 ("the '973 Patent") is entitled "Apparatus and Methods for Detecting a Conductive Object at a Location," lists August 27, 2013 as the issue date, and identifies Cypress as the assignee. BlackBerry also admits that Exhibit F to the Complaint appears to be a copy of the '973 Patent. BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and, therefore, denies the same.

91.     No response is required to paragraph 18 of the Complaint.

92.     BlackBerry denies the allegations in paragraph 19 of the Complaint.

93.     BlackBerry denies the allegations in paragraph 20 of the Complaint.

94.     BlackBerry denies the allegations in paragraph 21 of the Complaint.

95.     BlackBerry denies the allegations in paragraph 22 of the Complaint.

96.     BlackBerry admits that Cypress brought the '103, '825, and '770 patents to BlackBerry's attention in or about October 2011. BlackBerry admits that Cypress brought the '497 and '015 patents to BlackBerry's attention in or about February 2012. Except as expressly admitted, BlackBerry denies the allegations in paragraph 23 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '103 Patent)**

97.     BlackBerry incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full here in response to paragraph 24 of the Complaint.

98.     BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and, therefore, denies the same.

99.     BlackBerry denies the allegations in paragraph 26 of the Complaint.

100.     BlackBerry admits that Cypress brought the '103 Patent to BlackBerry's attention on or about October 10, 2011.  Except as expressly admitted, BlackBerry denies the allegations in paragraph 27 of the Complaint.

101.     BlackBerry denies the allegations in paragraph 28 of the Complaint.

102.     BlackBerry denies the allegations in paragraph 29 of the Complaint.

103.     BlackBerry denies the allegations in paragraph 30 of the Complaint.

104.     BlackBerry denies the allegations in paragraph 31 of the Complaint.

105.     BlackBerry denies the allegations in paragraph 32 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '825 Patent)**

106.     BlackBerry incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full herein in response to paragraph 33 of the Complaint.

107.     BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and, therefore, denies the same.

108.     BlackBerry denies the allegations in paragraph 35 of the Complaint.

109.     BlackBerry admits that Cypress brought the '825 Patent to BlackBerry's attention on or about October 10, 2011.  Except as expressly admitted, BlackBerry denies the allegations in paragraph 36 of the Complaint.

110.     BlackBerry denies the allegations in paragraph 37 of the Complaint.

111.   BlackBerry denies the allegations in paragraph 38 of the Complaint.

112.   BlackBerry denies the allegations in paragraph 39 of the Complaint.

113.   BlackBerry denies the allegations in paragraph 40 of the Complaint.

114.   BlackBerry denies the allegations in paragraph 41 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '770 Patent)**

115.   BlackBerry incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full here in response to paragraph 42 of the Complaint.

116.   BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, therefore, denies the same.

117.   BlackBerry denies the allegations in paragraph 44 of the Complaint.

118.   BlackBerry admits that Cypress brought the '770 Patent to BlackBerry's attention on or about October 10, 2011.  Except as expressly admitted, BlackBerry denies the allegations in paragraph 45 of the Complaint.

119.   BlackBerry denies the allegations in paragraph 46 of the Complaint.

120.   BlackBerry denies the allegations in paragraph 47 of the Complaint.

121.   BlackBerry denies the allegations in paragraph 48 of the Complaint.

122.   BlackBerry denies the allegations in paragraph 49 of the Complaint.

123.   BlackBerry denies the allegations in paragraph 50 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Infringement of the '497 Patent)**

124.   BlackBerry incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full here in response to paragraph 51 of the Complaint.

125.   BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and, therefore, denies the same.

126.   BlackBerry denies the allegations in paragraph 53 of the Complaint.

127. BlackBerry admits that Cypress brought the '497 Patent to BlackBerry's attention on or about February 6, 2012. Except as expressly admitted, BlackBerry denies the allegations in paragraph 54 of the Complaint.

128. BlackBerry denies the allegations in paragraph 55 of the Complaint.

129. BlackBerry denies the allegations in paragraph 56 of the Complaint.

130. BlackBerry denies the allegations in paragraph 57 of the Complaint.

131. BlackBerry denies the allegations in paragraph 58 of the Complaint.

132. BlackBerry denies the allegations in paragraph 59 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Infringement of the '015 Patent)**

133. BlackBerry incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full here in response to paragraph 60 of the Complaint.

134. BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and, therefore, denies the same.

135. BlackBerry denies the allegations in paragraph 62 of the Complaint.

136. BlackBerry admits that Cypress brought the '015 Patent to BlackBerry's attention on or about February 6, 2012. Except as expressly admitted, BlackBerry denies the allegations in paragraph 63 of the Complaint.

137. BlackBerry denies the allegations in paragraph 64 of the Complaint.

138. BlackBerry denies the allegations in paragraph 65 of the Complaint.

139. BlackBerry denies the allegations in paragraph 66 of the Complaint.

140. BlackBerry denies the allegations in paragraph 67 of the Complaint.

141. BlackBerry denies the allegations in paragraph 68 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**(Infringement of the '973 Patent)**

142. BlackBerry incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full here in response to paragraph

69 of the Complaint.

143.    BlackBerry lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and, therefore, denies the same.

144.    BlackBerry denies the allegations in paragraph 71 of the Complaint.

145.    BlackBerry admits that Cypress brought the '973 Patent to BlackBerry's attention on or about September 10, 2013, the date on which the Complaint in this action was filed. Except as expressly admitted, BlackBerry denies the allegations in paragraph 72 of the Complaint.

146.    BlackBerry denies the allegations in paragraph 73 of the Complaint.

147.    BlackBerry denies the allegations in paragraph 74 of the Complaint.

148.    BlackBerry denies the allegations in paragraph 75 of the Complaint.

149.    BlackBerry denies the allegations in paragraph 76 of the Complaint.

150.    BlackBerry denies the allegations in paragraph 77 of the Complaint.

## PRAYER FOR RELIEF

BlackBerry denies that Cypress is entitled to any relief, including the relief requested in its Prayer for Relief.

## JURY DEMAND

No response required.

## AFFIRMATIVE DEFENSES

BlackBerry alleges and asserts the following affirmative defenses in response to the allegations in the Complaint:

151.    BlackBerry incorporates and repeats its answers to the allegations of the Complaint as though set forth in full here.  Without agreeing that it bears the burden of production or persuasion as to any of them, BlackBerry asserts the following defenses listed below.  BlackBerry reserves the right to add additional defenses, including but not limited to allegations of inequitable conduct, consistent with facts discovered in the case.

### FIRST AFFIRMATIVE DEFENSE
#### (Non-infringement)

152.    BlackBerry has not directly or indirectly infringed any valid and enforceable claim of the '103, '825, '770, '497, '015, and '973 Patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
#### (Invalidity)

153.    Each claim of the '103, '825, '770, '497, '015, and '973 Patents is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §1, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
#### (Failure to state a claim)

154.    One or more of the claims in Cypress's Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
#### (No irreparable injury)

155.    Cypress is not entitled to injunctive relief, because, *inter alia*, any injury to Cypress is not irreparable, and Cypress has an adequate remedy at law.

### FIFTH AFFIRMATIVE DEFENSE
#### (Six year limitation on damages period)

156.    Under 35 U.S.C. § 286, Cypress's claims are barred in whole or in part for all events occurring more than six years prior to the filing of the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
#### (Failure to mark)

157.    Cypress is prohibited from recovering damages for activities alleged to have occurred before Cypress complies with 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Products made for U.S. Government)

158.    To the extent that certain products accused of infringing the '103, '825, '770, '497, '015, or '973 Patents are or were used by and/or manufactured for the United States Government, Cypress's claims against BlackBerry with respect to such products are barred under

28 U.S.C. § 1498.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches, waiver, estoppel and/or acquiescence)

159.     BlackBerry is informed and believes that Plaintiff's infringement claims against BlackBerry regarding the '103, '825, '770, '497, '015, and '973 Patents are barred and/or the '103, '825, '770, '497, '015, and '973 Patents are unenforceable against BlackBerry under one or more of the doctrines of laches, prosecution laches, waiver, estoppel, and/or acquiescence.

### NINTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

160.     Cypress is estopped from interpreting one or more claims of the '103, '825, '770, '497, '015, and '973 Patents to cover BlackBerry's products under the doctrine of Prosecution History Estoppel.

### TENTH AFFIRMATIVE DEFENSE
### (Reservation of rights)

161.     BlackBerry hereby reserves the right amend its Answer and Counterclaims to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of this litigation.

**WHEREFORE**, BlackBerry asks this Court to

      A.     Dismiss Cypress's action against BlackBerry;

      B.     Enter judgment that Cypress take nothing on its claims against BlackBerry;

      C.     Find that BlackBerry is the prevailing party, and that it is entitled to relief under 35 U.S.C. § 285 because this case is exceptional;

      D.     Award BlackBerry its attorney's fees and costs of defending this action; and

      E.     Order such other and further relief as to which BlackBerry may be entitled.

DATED:  November 4, 2013

Respectfully submitted,

BINGHAM McCUTCHEN LLP


By: _____/s/ Geoffrey M. Howard_____
                Geoffrey M. Howard

*Attorneys for Defendants and*
*Counterclaimants*
BLACKBERRY LIMITED and
BLACKBERRY CORPORATION